**J. G. MAGNESS and James Weldon Lewis, Appellants,**

v.

**Billy Wayne KIRBY, Appellee.**

**No. 4664.**

Court of Civil Appeals of Texas.

Waco.

Dec. 7, 1967.

Touchstone, Bernays & Johnston, Glenn Polk, Dallas, for appellants.

Rogers & Rogers, Sherman, for appellee.

OPINION

WILSON, Justice.

Appellants' plea of priivlege was overruled. Appellee relies solely on subdivision 4 of Art. 1995, Vernon's Ann.Civ.St. The questions presented narrow to one: Whether there is evidence or sufficient evidence that any negligence of appellants' was a proximate cause of a fatal automobile accident. There are no findings of fact.

Among other conduct of the co-defendant alleged in the controverting plea was that she suddenly stopped her automobile near the approach to a bridge without warning, in violation of Art. VIII, Sec. 68(c), Art. 6701d, V.A.C.S.; that she negligently blocked the traffic lane in which she and plaintiff's car were traveling; that she failed to keep a proper lookout; and failed to keep her car under proper control.

There is evidence that appellants' truck was approaching the co-defendant's car partially on the wrong side of the road. The co-defendant testified she pulled over "to the right side of my lane of traffic" and stopped 24 feet from the bridge; that she saw a car in her rear-view mirror "three quarters to a block" behind her. Her car was struck by the following car, which then careened left, striking the truck, which in turn veered left, striking a fourth approaching vehicle. The last collision was fatal.

There is no evidence of probative force that the co-defendant stopped suddenly or suddenly decreased her speed, in violation of Sec. 68(c) of Art. 6701d. The only evidence is that she brought her car to "a slow, normal stop", and that she "slowed down and stopped." Testimony that she stopped "pretty fast" is a conclusion and is so indefinite as to be without probative force. 92 A.L.R.2d 1391. There is no evidence she failed to give an appropriate signal of intention to stop.

We decide the trial court was authorized to conclude she negligently blocked her traffic lane, and that this negligence was a proximate cause. Appellants' truck was on the bridge, and there is evidence the truck was partially on the wrong side of the road. The truck lights were flashing. Although the evidence is not clear, it may be said it indicates there was an eight-foot unoccupied shoulder to her right. The court was authorized under the evidence to find that she had a duty to drive off of the main traveled portion of the highway before stopping.

We find no evidence the co-defendant failed to keep a proper lookout. She testified she looked in her rear-view mirror before she started to slow down, and the following car was there "three quarters to a block" behind. There are no circumstances which raise the issue. The issue of lack of control is obviously not raised. Her car was stopped.

Affirmed.